ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SKUL, | ) | CASE NO. 5:09CV2582 |
| | ) | |
| Movant, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

Movant *pro se* Robert Skul has filed a Motion for Return of Seized Property (Doc. 1) under Rule 41(g) of the Federal Rules of Criminal Procedure against respondents the United States of America and Internal Revenue Service Special Agent Perry D. Mastrocola. The Court has reviewed the memorandum in support, the Government's response in opposition (Doc. 2), and reply memorandum (Doc. 3). The matter concerns the separate searches in July 2009, of the business premises of a Meineke Car Care Center and Mr. Skul's home.[1]

In order to prevail on a Rule 41(g) motion for return of property, a movant must establish that he is "aggrieved by an unlawful search and seizure" or "by the deprivation of [his] property." Movant contends that the search of the premises violated Rule 41(f)(1), which provides in pertinent part:

> (B) Inventory. An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. The officer must do so in

---

[1] On July 17, 2009, Magistrate Judge Benita Y. Pearson signed two related search warrants authorizing searches of Mr. Skul's personal residence and the business premises of a Meineke Car Care Center operated by him. The warrant in Case No. 5:09MJ1032 authorized the search of Mr. Skul's home at 5555 Holmes Drive, NW, Canton, Ohio 44718. The warrant in Case No. 5:09MJ1033 authorized the search of the business premises of the Meineke Car Care Center located at 3421 South Arlington Road, Akron, Ohio 44312. The applications and affidavits for the warrants, made by Special Agent Mastrocola, are under seal. According to the Government, the items authorized to be seized under both warrants, as described in Attachment B to each warrant, are identical.

> the presence of another officer and the person from whom, or from whose premises, the property was taken. If either one is not present, the officer must prepare and verify the inventory in the presence of at least one other credible person. In a case involving the seizure of electronic storage media or the seizure or copying of electronically stored information, the inventory may be limited to describing the physical storage media that were seized or copied. The officer may retain a copy of the electronically stored information that was seized or copied.
>
> (C) Receipt. The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

Mr. Skul specifically contends that although he was present at the business premises and in his home at the time of the searches by federal agents, the seizures and inventories were performed while he was forced to sit in a back room at his business and to stay in the kitchen at his home. Thus, he argues he was deprived of his right to witness and verify the inventories of the seized property. Even if it could be argued whether he was present during the searches, he contends that the searches were not made and verified "in the presence of at least one other credible person" as required by Rule 41(f)(1)(B). Furthermore, in his declaration, Mr. Skul contradicts the statement of Special Agent Mastrocola that he had an opportunity to view the seized items. *See* Doc. 3-1 at ¶ 5-7.

The Sixth Circuit has held that a failure to comply with Rule 41(f) does not require suppression of evidence. *Frisby v. United States*, 79 F.3d 29, 31-32 (6th Cir. 1996); *see United States v. Bryan*, No. 1:06-cr-71, 2008 WL 2704417, at *3 (E.D. Tenn. July 3, 2008). The procedural steps set forth in Rule 41(f) are ministerial and unless prejudice is shown, "irregularities in these procedures do not void an otherwise valid search." *Bryan*, 2008 WL 2704417, at *3 (quoting *United States v. McKenzie,* 446 F.2d 949, 954 (6th Cir. 1971)).

Mr. Skul alleges only that the agents violated Rule 41(f). He has not alleged that he was prejudiced by their conduct. The rule is satisfied when an agent performing an inventory completes

and verifies the inventory in the presence of the required persons. An agent can be considered a credible person. *See United States v. Tylman*, No. 06-20023, 2007 WL 2669567, at *12 (C.D. Ill. Aug. 22, 2007) (although defendant was present in the lobby, the Court finds no fatal error warranting suppression from the fact that the agents chose to proceed pursuant to Rule 41(f)(1)(B) and prepare the inventory outside of his presence and in the presence of another credible person, *i.e.*, an agent). A person whose property is being inventoried does not have the right to wander about the premises and interfere with the search or shadow the agents as they gather evidence.

Even if he did not have an opportunity to view the seized items, Mr. Skul does not assert that he was not given a copy of the inventories. He does not allege that any property not listed in either inventory was taken. The Court finds that Mr. Skul has made no showing of prejudice or intentional or bad faith non-compliance flowing from the agents' conduct in executing the search warrants. Therefore, the movant in the case at bar has not persuaded the Court that a hearing on the motion is necessary. *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992) (Rule 41(g) "clearly contemplates a hearing 'on any issue of fact necessary to the decision of the motion.'")

Accordingly, the Motion for Return of Seized Property (Doc. 1) is DENIED without a hearing.

This Memorandum of Opinion and Order constitutes entry of judgment pursuant to Fed. R. Civ. P. 58.


IT IS SO ORDERED.


| | |
|---|---|
| March 25, 2010 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |

3